## 44134. BROWN v. ROYAL WOOD, INC.

JORDAN, Presiding Judge. 1. Where it appears from the pleadings and evidence that the plaintiff purchased and paid for standing timber which the defendant prevented the plaintiff from cutting and removing from the defendant's land, it was proper to instruct the jury to measure the damages in terms of the fair market value of this timber, if the jury should find that the plaintiff was prevented from removing the timber by the unreasonable interference of the defendant. Likewise, it was proper to reject alternative instructions proposed by the defendant, which would have limited the plaintiff to anticipated net profits from the sale of the timber, without including damages at least equivalent to a return of the money paid proportionately applicable to the timber remaining on the land. In brief, we think the actual loss of the plaintiff, if attributable to the conduct of the defendant, is the fair market value of that which it paid for and did not receive. See *Code* §§ 20-1407, 105-2001. The trial judge did not err in overruling the defendant's motion for a new trial for any reason argued and insisted upon before this court.

2. The suggestion of the plaintiff that this court award additional damages for a cause appealed for delay only, under the provisions of *Code* § 6-1801, is not favorably considered.

*Judgment affirmed. Hall and Whitman, JJ., concur.*

SUBMITTED JANUARY 13, 1969—DECIDED APRIL 23, 1969.

*Lawson & Lawson, Hugh Lawson,* for appellant.

*Milton Harrison,* for appellee.